STEPHEN R. ONSTOT  SBN 139319
Stephen_onstot@yahoo.com
1988 Provost Place
San Bernardino, CA  92407
Telephone: (805) 551-4180

Attorneys for Plaintiff Ralph Karubian
And Third Party Defendant
Ralph Karubian Trust of 2005

E-FILED 3/28/19
TERM #142

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RALPH KARUBIAN,<br><br>     Plaintiff,<br><br>v.<br><br>KAISER VENTURES, LLC et al<br><br>     Defendants. | Case No. 5:17-cv-0597 PSG-E<br><br>[~~PROPOSED~~] ORDER FOR APPROVAL OF GLOBAL SETTLEMENT, FINDING OF GOOD FAITH SETTLEMENT, AND BAR OF CONTRIBUTION CLAIMS |

The Court, having reviewed Plaintiff's UNOPPOSED MOTION FOR APPROVAL OF GLOBAL SETTLEMENT, FINDING OF GOOD FAITH SETTLEMENT AND ORDER BARRING CLAIMS ("Motion") and having considered Defendants' and Third Party Defendants' non-opposition to same, and the record as a whole, finds as follows:

1. The instant action is a private cost recovery action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq.  Plaintiff is the owner of an undeveloped commercial lot in Rancho Cucamonga, California ("Plaintiff's Property").  Non-hazardous slag and hazardous lead-containing dusts (the

"Waste Materials") are believed to have been buried on Plaintiff's Property sometime during a prior owner's period of ownership.

2. Defendants and Third Party Defendants are alleged to be in some way responsible under CERCLA for remediation of the Waste Materials on Plaintiff's Property, allegations which Defendants and Third Party Defendants specifically deny. Defendants and Third Party Defendants believe that Plaintiff is also a responsible party under CERCLA for remediation of the Waste Materials on Plaintiff's Property.

3. In light of the complexities of the legal issues involved, the lack of reliable historic evidence, the uncertainties of litigation, the significant attorneys' fees and costs required to litigate this matter through trial, and as the result of good faith settlement negotiations through the Court's Mediation Program involving all of the Parties, the Parties have reached a global settlement with approval of this Motion being a condition precedent to implementation thereof.

4. It is estimated the total cost of removing the Waste Materials is approximately $900,000. Defendants and Third Party Defendants have offered a combined $550,000 to resolve the instant action, with such funds specifically being devoted to remediating the Waste Materials on Plaintiff's Property.

5. CERCLA encourages early settlement of costly, contentious and complex environmental litigation. *Cal. Dept. of Toxic Substances Control v. Chico*, 297 F. Supp. 2d 1227, 1235 (E.D. Cal. 2004); *United States v. SCA Services of Indiana, Inc.*, 827 F. Supp. 526, 531, 532 (N.D. Ind. 1993). It does so by providing settling defendants with protection against contribution and indemnity claims asserted by non-settling defendants and third parties. *See, Comerica Bank-Detroit v. Allen Indus., Inc.*, 769 F. Supp. 1408, 1414 (E.D. Mich. 1991); *SCA Services*, 827 F. Supp. at 532.

6. The great majority of courts, including district courts within the Ninth Circuit, have applied Section 6 of the Uniform Comparative Fault Act ("UCFA") to private settlements under CERCLA. *See, e.g., Acme Fill Corp. v. Althirz CD Medical, Inc.*, 1995 U.S. Dist. Lexis 22308 (N.D. Cal., Nov. 2, 1995); *United States v. Western Processing Co.*, 756 F. Supp. 1424 (W.D. Wash. 1990).

7. This Court is also empowered to find the Parties' settlement is in good faith, pursuant to California Code of Civil Procedure sections 877 and 877.6, and the criteria set forth in the California Supreme Court's opinion in *Tech-Bilt, Inc. v. Woodward-Clyde Associates*, 38 Cal.3d 488 (1985) (Tech-Bilt). *See, AmeriPride ServicesInc. v. Valley Indus. Services, Inc.*, 2007 WL 1946635 (E.D. Cal. 2007) (appropriate for Court to enter bar order in groundwater contamination case in reliance on both the UCFA, California Code of Civil Procedure section 877.6, and *Tech-Bilt*).

8. The $550,000 settlement contribution by Defendants and Cross Defendants is reasonable in light of the inherent risk of litigation, the lack of reliable historic evidence, Plaintiff's own potential liability and the estimated cost to remediate the Waste Materials on Plaintiff's Property. The settlement was entered into in good faith and there is no evidence of fraud or collusion.

9. The settlement, as embodied in the Settlement Agreement set forth in Exhibit A to the Declaration of Stephen R. Onstot, Esq. ("Settlement Agreement"), filed in support of the Motion, was made in good faith within the meaning of California Code of Civil Procedure section 877.6, and is fair, reasonable, and consistent with the purposes of CERCLA.

THEREFORE, IT IS ORDERED that:

1. The matter having been briefed and submitted for decision, and good cause appearing, the Motion is GRANTED.

2. The Settlement Agreement is hereby approved as a good faith settlement.

3. Section 6 of the UCFA is hereby adopted as the federal common law in this case for the purpose of determining the legal effect of the Settlement Agreement.

4. The Court further finds and determines that the Settlement Agreement has been entered into in good faith within the meaning of sections 877 and 877.6 of the California Code of Civil Procedure.

5. Pursuant to Section 6 of the UCFA and section 877.6 of the California Code of Civil Procedure, any and all claims for cost recovery, contribution, indemnity or otherwise against CIL&D, LLC., CCG Ontario, LLC, Rancho Cucamonga II Corporation, Harsco Corporation, H. Norman Johnson, Jr. Memorial Corporation, a dissolved California corporation f/k/a Fourth Street Rock Crusher, Levand Steel & Supply Corporation, Inc., Gerdau Ameristeel US, Inc., TAMCO, Commercial Metals Company, and CMC Steel Fabricators, Inc. contained in, arising out of or related to the allegations in Plaintiff's complaint or the matters covered by the Settlement Agreement, the terms of which are incorporated herein, regardless of when such claims were or are asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to CERCLA or pursuant to any other federal or state law.

Dated: 3/28/19

**PHILIP S. GUTIERREZ**
United States District Court Judge